IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL TITUS                                                                                                    PLAINTIFF

      v.    Civil No. 5:23-cv-05085-TLB-CDC

PAROLE OFFICER YOSIDA PHAYPANYA,
Arkansas Community Correction at Phoenix
House Recovery Renewal                                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action brought by Plaintiff, Michael Titus ("Titus"), pursuant to the provisions of 42 U.S.C. § 1983. Titus proceeds *pro se* and *in forma pauperis* ("IFP"). The events that are the subject of this action occurred while Titus was residing at Phoenix House, a residential recovery center for men, located in Springdale, Arkansas. Titus has sued the Parole Officer Phaypanya ("Officer Phaypanya") in both his individual and official capacities.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2). Pursuant to § 1915(e)(2)(B), the Court has the obligation to screen any complaint in which a person proceeding IFP seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

According to the allegations of the Complaint (ECF No. 1), with respect to Claim One, while Titus was living at Phoenix House "other residents were telling [Officer Phaypanya] about getting [Titus] out of there." *Id.* at 4. On May 1, 2023, Titus says he was not drug tested properly

1

before "he" took "40 points" from him.[1]  *Id.*  Titus reports that when he arrived at Phoenix House there was "one drug test" and then when he obtained insurance his "mouth swab was suppose[d] to be sent to the lab."  *Id.* at 5.  Titus states that the residents who were conspiring against him told an unidentified man that Titus had "dope" on him.  *Id.* at 5.  "Titus feels he was discriminated against because he was from a good home.  *Id.* at 4.

Titus maintains there is camera evidence that he was conspired against.  (ECF No. 1 at 4).  He indicates "it was said clear as day on camera, what they wanted to be done with" him.  *Id.*  Titus reports that Officer Phaypanya failed to tell the residents that he would not conspire against another resident.  *Id.* at 5.  Based on this, Titus feels "there was racial discrimination on another resident."  *Id.*

With respect to his official capacity claim, Titus cites the Freedom of Information Act and says he needs the evidence from the cameras at the Phoenix House.  (ECF No. 1 at 6).  Titus asks for camera footage from April 24, 2023.  *Id.*

## II.   LEGAL STANDARD

Under § 1915(e)(2), the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be

---

[1] It is not clear if this pronoun refers to Officer Phaypanya or the unidentified man also referred to as the "big dude" in the Phoenix House.  (ECF No. 1 at 4).  Plaintiff only listed one Defendant, Officer Phaypanya, in the area where he is asked to identify each Defendant.  *Id.* at 2.

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

#### A.   Official Capacity Claim

Titus' official capacity claim against Officer Phaypanya is subject to dismissal. Officer Phaypanya is employed by the Arkansas Division of Community Correction (formerly Arkansas Community Correction). The Arkansas Division of Community Correction is a state agency.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re.*

*Frew v. Hawkins,* 540 U.S. 431, 437 (2004).  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the state itself."  *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989)(citation omitted).  "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'"  *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991)(quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable.  *Papasan v. Allain*, 478 U.S. 265, 276 (1986).  Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity.  *Hutto v. Finney,* 437 U.S. 678, 693 (1978).  The State of Arkansas has not waived its sovereign immunity.  *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996).  Nor did Congress abrogate sovereign immunity when enacting § 1983.  *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  The official capacity claim against Officer Phaypanya is therefore barred by the Eleventh Amendment.

      B.      **Individual Capacity Claims**

Liberally reading the Complaint, Titus appears to be asserting both a conspiracy claim and a discrimination claim against Officer Phaypanya.

      **1.      Conspiracy Claim**

To state a conspiracy claim under § 1983, Titus must allege:  (1) that Officer Phaypanya

"conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured [him]." *White v. McKinley,* 519 F.3d 806, 814 (8th Cir. 2008)(citing *Askew v. Millerd,* 191 F.3d 953, 957 (8th Cir. 1999)). To prevail on a § 1983 conspiracy claim, Titus is "additionally required to prove a deprivation of a constitutional right or privilege." *Id.* "[T]he plaintiff need not show that each participant knew 'the exact limits of the illegal plan . . . .' but the plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St. Louis Bd. of Police Com'rs.,* 731 F.3d 784, 798-99 (8th Cir 2013)(quoting *Larson v. Miller*, 76 F.3d 1446, 1458 (8th Cir. 1996)).

Titus' allegations fall short. Titus first alleges that Officer Phaypanya was told by other residents that they wanted Titus out of Phoenix House. (ECF No. 1 at 4). Second, Titus alleges Officer Phaypanya "omitted" to tell the residents he would not conspire against another resident. *Id.* at 5. Third, Titus alleges he was not properly drug tested before "he" took 40 points from Titus. *Id.* at 4. As previously noted, it is not clear whether the person who took 40 points away from Titus was the unidentified male or Officer Phaypanya. Titus, however, fails to allege how the deducted points affected his residency at Phoenix House. Clearly, the allegations are insufficient to allege the existence of an agreement between Officer Phaypanya and others to deprive Titus of his constitutional rights.

**2. Discrimination Claim**

Titus alleges he feels like he was discriminated against "as a person from a good house." (ECF No. 1 at 4). This is the only allegation in which Titus *directly* asserts he was discriminated

5

against.  *Id.*  Titus does make the following allegation:  "[Officer Phaypanya] with omission from the resident[]s on camera didn't tell the resident[]s he could not conspire against another resident.  So I feel like there was racial discrimination of another resident."  *Id.* at 5.

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend XIV, § 1.  The purpose of the Equal Protection Clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination."  *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 611 (2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).  Proof that discriminatory intent was a motivating factor is required to show a violation of the Equal Protection Clause.  *Arlington Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977).

An equal protection claim may be established in two ways.  The first requires a plaintiff to "show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Washington v. Davis*, 426 U.S. 229, 239-40 (1976).   The only direct allegation of discrimination is that Titus felt he was discriminated against because he came from a good home.  Clearly, this does type of discrimination, assuming it occurred, does not impact a protected class.  Titus' next allegation is that he "feels like" Officer Phaypanya's failure to tell the residents that he could not conspire against another resident exhibited "racial discrimination on another resident."  The Complaint contains no allegation that Titus himself belongs to a protected class.  Thus, no plausible claim is stated based on Titus' membership in a protected class.

If the claims do not involve a protected class, Titus can establish an equal protection "class of one" claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564; *see also Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009). To prevail under this theory, Titus must have alleged that (1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Olech*, 528 U.S. at 564. Because Plaintiff does not allege he was a member of any identifiable class, nor even if he were in an identifiable class, that he was treated differently from others similarly situated, the Complaint fails to state an equal protection claim under the class of one theory.

### IV.  CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted;

(2) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 5th day of July 2023.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE